IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JORDAN R. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE PAUL B. PARKER; in his individual and official capacities; CASEY R. CAMERON, Utah Department of Workforce Services Executive Director, in her individual and official capacities; AMANDA B. MCPECK, Department of Workforce Services Adjudication Division Director, in her official capacity; JUDGE ROBERT ANDREASEN, in his individual and official capacities; UTAH DEPARTMENT OF WORKFORCE SERVICES; TITAN LEGAL LLC, a Utah limited liability company; KIRK A. CULLIMORE, JOHN AND JANE DOE TITAN LEGAL AGENTS; JOHN/JANE DOES 1–5,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:25-CV-00570-RJS<br><br>Chief District Judge Robert J. Shelby |

    This matter comes before the court on Plaintiff Jordan R. Williams' Motion for Leave to Proceed in forma pauperis ("IFP")[1] and Motion for Temporary Restraining Order.[2] Because Plaintiff's claim is barred by the *Younger* abstention doctrine, the court denies Plaintiff's Motions and dismisses the matter.

---

[1] Dkt. 2, *Motion to Proceed in Forma Pauperis*.

[2] Dkt. 4, *Federal Complaint for Injunctive Relief and Damages and Motion for Temporary Restraining Order* (*Motion*).

Case 2:25-cv-00570-RJS   Document 6   Filed 07/18/25   PageID.164   Page 2 of 6

## BACKGROUND[3]

In March 2023, Block 44 Apartments filed a complaint in the Salt Lake County Third District Court against Plaintiff for Breach of Contract and Ejectment, alleging Plaintiff failed to meet his financial obligations and unlawfully detained the premises.[4] Plaintiff later stipulated to a monetary judgment.[5] Two years later, Block 44 Apartment obtained a writ of garnishment "seizing 25% of Plaintiff's wages."[6] In June 2025, Plaintiff filed a Request for Garnishment Relief, a Motion to Stay Garnishment and for Extension of Time, and an Ex Party Motion for Temporary Stay.[7] Third District Court Judge Paul B. Parker denied Plaintiff's Motions.

After being terminated from his employment in September 2024,[8] Plaintiff sought and was denied unemployment benefits.[9] Plaintiff subsequently appealed his benefits determination, and his appeal is currently pending before the Utah Court of Appeals.[10] Plaintiff also filed a complaint with the Utah Labor Commission alleging Unlawful Termination, Discrimination, Harassment, and Retaliation, which is currently under investigation[11]

On July 16, 2025, Plaintiff filed the present lawsuit and asserted the following claims: 1) Violations of the Fourteenth Amendment and 42 U.S.C. § 1983; 2) Retaliation and Denial of

---

[3] The following background is based on Plaintiff's Complaint and attached exhibits, as well as the docket from Plaintiff's related state garnishment case.

[4] *Verified Complaint*, Block 44 Apartments v. Williams, No. 230901546 (Third Judicial District Mar. 7, 2023).

[5] *Judgment and Order*, Block 44 Apartments v. Williams, No. 230901546 (Third Judicial District Oct. 5, 2023).

[6] *Writ of Garnishment*, Block 44 Apartments v. Williams, No. 230901546 (Third Judicial District Jun 17, 2025); Dkt. 1, *Complaint* ¶ 15.

[7] Dkt. 1, *Federal Complaint for Injunctive Relief and Damages and Motion for Temporary Restraining Order* (*Complaint*) ¶ 20.

[8] *See Appellants Response Memorandum in Support of Appeal*, Block 44 Apartments v. Williams, No. 230901546 (Third Judicial District June 25, 2025).

[9] *Complaint* ¶ 13.

[10] *Id.*; Dkt. 1-6, *Scheduling Order* (setting a briefing schedule pursuant to Rule 10(c) of the Utah Rules of Appellate Procedure).

[11] *Complaint* ¶ 13.

2

Equal Protection under the Fourteenth Amendment, 42 U.S.C. § 1983, and Utah Code § 34A-5-106; 3) Declaratory and Injunctive Relief under 28 U.S.C. §§ 2201–2202, Utah Rule of Civil Procedure 64D, and Utah Code § 70C-7-103; 4) Unconstitutional Excessive Garnishment in Violation of the Fourteenth Amendment, Utah Constitution Article I, § 7, and Utah Code § 70C-7-103; 5) Retaliation for a Protected Activity under the First Amendment and 42 U.S.C. § 1983; 6) Failure to Accommodate Disability under the Rehabilitation Act of 1973 § 504, the American with Disabilities Act, and Utah Code § 34A-5-102(1)(i); 7) Violation of Procedural Due Process by Denying Unemployment Benefits; and 8) Abuse of Process under Utah Common Law.[12]  On these claims, Plaintiff seeks a declaratory judgment, an order requesting the Utah Department of Workforce Services issue backdated unemployment compensation, "equitable capping of Plaintiff's debt at $12,900.00," and compensatory damages.[13]  Plaintiff further "renews his request that the Court . . . stay all garnishment under Utah Rule of Civil Procedure 64D and Utah Code § 70C-7-103 pending resolution" of the Utah Court of Appeals case and the Utah Labor Commission investigation.[14]

## DISCUSSION

28 U.S.C. § 1915 governs all cases in which a plaintiff is proceeding IFP.  Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed by an IFP plaintiff if the court determines the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."[15]  Although § 1915(e)(2)(B) screening is not required before granting an IFP motion, the Tenth

---

[12] *Complaint* at 6–10.

[13] *Id.* at 12.

[14] *Id.* at 5.

[15] 28 U.S.C. § 1915(e)(2)(B).

Circuit has encouraged district courts to screen IFP cases as soon as practical.[16] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[17]

Here, the court concludes dismissal is appropriate because Plaintiff's claims are barred by the *Younger*[18] abstention doctrine. "Under the *Younger* abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when a state forum provides an adequate avenue for relief."[19] Courts consider the following three factors to determine whether abstention is appropriate under *Younger*:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[20]

If these three conditions are met, "*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[21]

---

[16] *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012).

[17] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quotation marks and citation omitted).

[18] *Younger v. Harris*, 401 U.S. 37 (1971).

[19] *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002) (internal quotation marks and citations omitted).

[20] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (internal quotation marks and citation omitted).

[21] *Id.*

In this case, Plaintiff's ongoing state civil case and state administrative proceedings involve the claims he asserts here,[22] the state court is an adequate forum to hear his claims,[23] and the state proceedings involve important state interests—namely, the safety, health, and general welfare of the public.[24]  For these reasons, the *Younger* abstention doctrine applies, and Plaintiff's claims are barred.

Further, any claims against Judge Parker and Judge Andreasen are barred by judicial immunity.  "A long line of [the Supreme Court's] precedents acknowledge[] that, generally, a judge is immune from a suit for money damages."[25]  Judicial officers are also explicitly immunized from suits for injunctive relief under 42 U.S.C. § 1983.[26]  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer . . . shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"[27]

---

[22] *Complaint* ¶ 13.

[23] *See Steffel v. Thompson*, 415 U.S. 452, 460 (1974) ("[A] pending state proceeding, in all but unusual cases, would provide the federal plaintiff with the necessary vehicle for vindicating his constitutional rights."); *Robb v. Connolly*, 111 U.S. 624, 637 (1884) (stating state courts have an "obligation to guard, enforce, and protect every right granted or secured by the constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them"); *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." (internal quotation marks and citations omitted)).

[24] *See Lochner v. New York*, 198 U.S. 45, 75 (1905) ("[T]he health and safety of the people of a state are primarily for the state to guard and protect.") (Harlan, J, dissenting); *Mineer v. Bd. of Indus. Comm'n*, 572 P.2d 1364, 1366 (Utah 1977) ("[T]he purpose of the unemployment compensation act is remedial, to protect the health, morals, and welfare of the people by providing benefits during periods of unemployment and of necessity to deter and punish violations thereof."); *Harrington v. Indus. Comm'n*, 942 P.2d 961, 966 (Utah Ct. App. 1997) ("[T]he state has an interest in maintaining the financial integrity of its unemployment compensation program.").

[25] *Mireless v. Waco*, 502 U.S. 9, 9 (1991) (collecting cases).

[26] *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010); *see also* 42 U.S.C. § 1983 (stating a judicial officer is not liable in an action at law for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable").

[27] *Mireless*, 501 U.S. at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).

Judicial immunity is not "overcome by allegations of bad faith or malice" or corruption.[28] A judge is only subject to liability for (1) "actions not taken in the judge's judicial capacity," or (2) judicial action taken in "the complete absence of all jurisdiction."[29] Acts outside a judge's capacity are those not "normally performed by a judge" or those where a party does not believe the party is dealing with a judge in the judge's judicial capacity.[30]

Here, the allegations against Judge Parker and Judge Andreasen arise from actions taken in their official capacities. Therefore, the judicial immunity doctrine applies, and Judge Parker and Judge Andreasen are immune from this suit.

## CONCLUSION

It is therefore ORDERED that Plaintiff's Motions to Proceed IFP[31] and for a Temporary Restraining Order[32] are DENIED. It is further ORDERED that this matter is dismissed, and the Clerk of Court is directed to close the case.

DATED this 18th day of July 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[28] *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[29] *Id.* at 11–12.

[30] *Id.* at 12.

[31] Dkt. 2.

[32] Dkt. 4.